FILED

2010 JUL 21 PM 3: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE DERRICK CALHOUN, | CASE NO. 10cv1409 BEN (NLS) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND DISMISSING ACTION WITH PREJUDICE |
| vs. | |
| SAN DIEGO COUNTY; et al., | |
| Defendants. | [Docket Nos. 2, 3] |

On July 6, 2010, Plaintiff Bruce Derrick Calhoun initiated this action against several defendants including San Diego County, the Justice Department, the FBI, Lloyd Pest Control, Greyhound, CitiBank, and Fox 5 News. Plaintiff alleges Defendants attempted to murder Plaintiff before May 2008 when he was poisoned by Greyhound. Plaintiff seeks one billion dollars.

When filing his Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") (Docket No. 2) and a Request for Appointment of Counsel (Docket No. 3). The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DENIES** Plaintiff's motions and **DISMISSES** the action with prejudice.

## I.    Motion to Proceed *In Forma Pauperis*

Under Section 1915 of title 28 of the United States Code,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

Here, Plaintiff states he is not currently employed. (Docket No. 2 at 2.) Plaintiff states he receives $1,074 per month in social security. *Id.* Although a party need not be completely destitute to proceed IFP, a party must still show by affidavit or other similarly reliable source that, because of his or her poverty, he or she cannot pay the filing fee and still provide the "necessities of life" for his or her family. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Plaintiff has failed to satisfy that requirement here and, therefore, is not excused from paying the $350 filing fee to commence this action.

Plaintiff's motion to proceed in forma pauperis is **DENIED**.

## II. Dismissal of Action With Prejudice

Even if Plaintiff paid the filing fee or had sufficiently demonstrated his indigence, his Complaint would still be dismissed. A complaint filed by any person proceeding, or seeking to proceed, in forma pauperis under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

"[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (finding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Sua sponte dismissal is proper where the allegations are "fanciful, fantastic, and delusional," or they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se litigants are not "excused from knowing the most basic pleading requirements." *Am. Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001).

Here, Plaintiff's Complaint is legally insufficient because it does not identify the basis for relief or the basis of this Court's jurisdiction. Plaintiff's Complaint consists of an allegation of attempted murder before May 2008 when he was poisoned by Greyhound. From these strange allegations, the

cannot even glean the basis, let alone the substance, of Plaintiff's claim. The Court also notes Plaintiff's allegations are similar to those set forth in previously filed (and dismissed) complaints in this Court. *See, e.g., Calhoun v. San Diego County, et al.*, USDC, Southern District of California, Case No. 10-cv-0522 BEN; *Calhoun v. San Diego County, et al.*, USDC, Southern District of California, Case No. 10-cv-00009 IEG; *Calhoun v. San Diego County, et al.*, USDC Southern District of California, Case No. 10-cv-00271 W; *Calhoun v. San Diego County; et al.*, USDC Southern District of California, Case No. 10-cv-00441 IEG.

After careful review, the Court finds that Plaintiff's complaint is frivolous and void of any plausible claims for relief. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**. *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

### III.   Appointment of Counsel

Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.

### CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.

**IT IS SO ORDERED**.

Date: July 21, 2010

Hon. Roger T. Benitez
United States District Court Judge